IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

**FILED**

FEB 1 3 2009

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY *W.H.* DEPUTY

KENDRICK JERMAINE FULTON, )
)
Petitioner, )
)
vs. ) No. CIV-08-945-W
)
H.A. LEDEZMA, Warden, )
)
Respondent. )

## ORDER

On January 7, 2009, United States Magistrate Judge Robert E. Bacharach issued a Report and Recommendation in this matter and recommended that the Motion to Dismiss filed by respondent H.A. Ledezma, Warden, be granted to the extent that this matter be dismissed without prejudice. Petitioner Kendrick Jermaine Fulton was advised of his right to object, but no objections to the Report and Recommendation have been filed within the allotted time.

In his Petition for Writ of Habeas Corpus, as amended, Fulton, relying on title 28, section 2241 of the United States Code, challenged his security classification, the adequacy of the law library at Federal Correctional Institution, El Reno, Oklahoma, the determination by prison officials that his administrative requests were untimely and the constitutionality of the administrative exhaustion process.

To state a claim for relief under section 2241, a prisoner must challenge the execution of his sentence as it affects the fact or duration of confinement, and not merely the conditions of confinement. E.g., McIntosh v. United States Parole Commission, 115 F.3d 809, 812 (10th Cir. 1997)(section 2241 petitions used to attack execution of sentence).

Magistrate Judge Bacharach found that section 2241 was not the proper vehicle for Fulton's claims involving classification status and timeliness of administrative remedies. He likewise found that Fulton's claims concerning the alleged inadequacy of the law library and/or access thereto and concerning the constitutionality of the administrative process were not cognizable under section 2241.

Upon review of the record,[1] the Court concurs with Magistrate Judge Bacharach's findings with regard to the unavailability of section 2241 as a remedy in this instance and his suggested disposition of this matter.

Accordingly, the Court

(1) ADOPTS the Report and Recommendation issued on January 7, 2009; and

(2) GRANTS the respondent's Motion to Dismiss filed on November 13, 2008, to the extent that the Court hereby DISMISSES this matter without prejudice to refiling.

ENTERED this _____ day of February, 2009.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

[1] In his response to Ledezma's Motion to Dismiss, Fulton acknowledged that his claims may fall outside the scope of section 2241, and he proposed alternatives to dismissal. Magistrate Judge Bacharach in turn on December 23, 2008, issued an Order wherein he advised Fulton of the consequences of recharacterization of this action as a civil rights proceeding. He wrote that "recharacterization would require . . . [Fulton] to pay an additional filing fee of $350.00 and that recharacterization as a civil rights action could not proceed until . . . Fulton [had] prepa[id] the filing fee or demonstrate[d] qualification for pauper status." Order [Doc. 28] at 1.

After the Report and Recommendation issued, Magistrate Judge Bacharach conducted a hearing to address these alternatives. At the conclusion of the hearing, Fulton withdrew his request for recharacterization and his request that he be granted the opportunity to amend in the event this matter was dismissed without prejudice.